# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ORLANDO CRUZ and ALBERTO
CRUZ, an individual

      Plaintiffs,

v.                                Case No:  2:14-cv-601-FtM-29CM

IMPRO SYNERGIES, LLC,

      Defendant.

_____

## ORDER

Before the Court is Plaintiffs' Joint Motion to Abate and/or Continue FLSA Scheduling Order Pending Mediation and Enlarge Time to Respond to Complaint (Doc. 33), filed on April 30, 2015.  The parties request for the second time that the Court stay the FLSA Scheduling Order (Doc. 27) until after the mediation, now rescheduled for the third time to July 31, 2015.  Doc. 33.  As grounds for the motion, the parties state that they have been cooperating in discussing potential resolution and would like to avoid incurring significant attorneys' fees and costs.  While the Court encourages settlement, the case must move forward.  Thus, for the reasons set forth below, the motion is denied.

The Complaint was filed on October 17, 2014, and yet the case still is not at issue.  Doc. 1.  Defendant filed multiple motions for extensions to respond to the Complaint, Docs. 11, 14, 21 and 25; and the Court granted each of those motions.  Docs. 12, 15, 22 and 26.  The last extension allowed Defendant until April 30, 2015 to file its answer.  Doc. 26.  Furthermore, previously the parties filed a motion to

stay or abate this case pending mediation, which the Court granted anticipating the parties moving forward with mediation. Docs. 28, 29. As noted, however, the parties have continued to reschedule the mediation, originally which was February 10, 2015, was rescheduled to April 22, 2015 and presently is set for July 31, 2015. Docs. 23, 24, 32. The Court has been quite lenient in providing extensions up to this point because the parties have been working together toward settlement. At this stage, however, the parties must move the case forward.

Complying with the requirements of the scheduling order should not be onerous or cause the parties significant time or expense. By now if the parties have been working in good faith toward settlement at mediation, the parties likely already have exchanged, or will exchange prior to mediation, most if not all of the information and documents required by the FLSA Scheduling Order. Not only are these documents and information critical for the parties to properly evaluate the case prior to mediation, they are equally important to the Court. If the case does settle, the parties must submit the proposed settlement to the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The answers to the Court's Interrogatories and the answer to the Complaint will aid the Court in its evaluation and decision whether to approve the proposed settlement.

Accordingly, on or before May 20, 2015, Defendant must file its response to Plaintiffs' Complaint. In addition, if the parties have not already done so, within fourteen (14) days from the date of this Order the parties must exchange all of the

documents required in paragraph 1 of the FLSA Scheduling Order.   Doc. 27 at 2. Within fourteen (14) days thereafter Plaintiffs also are directed to file answers to the Court's Interrogatories.   Because the parties have a formal mediation scheduled for July 31, 2015, and unless the mediation is cancelled, the Court will waive the requirement that the parties meet and confer in person for a settlement conference. If the mediation is cancelled, however, the parties must meet and confer in person for a settlement conference by July 31, 2015.   Within thirty (30) days of concluding the mediation or in-person settlement conference, the parties must notify the Court whether the parties reached a settlement.   In the meantime, the parties are encouraged to continue working together and discussing potential resolution of this matter.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiffs' Joint Motion to Abate and/or Continue FLSA Scheduling Order Pending Mediation and Enlarge Time to Respond to Complaint (Doc. 33) is **DENIED**.

2.   Defendant must file its response to Plaintiffs' Complaint on or before **May 20, 2015**.

3.   The parties shall exchange all documents required in paragraph 1 of the FLSA Scheduling Order on or before **May 20, 2015**.

4.   Plaintiffs' answers to the Court Interrogatories are due on or before **June 3, 2015**.

5.      The parties shall notify the Court on or before **August 31, 2015** whether the parties reached a settlement at mediation or the settlement conference.

6.      All other directives set forth in the FLSA Scheduling Order remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record