UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO CRUZ and ALBERTO
CRUZ, an individual

       Plaintiffs,

v.                                                                  Case No: 2:14-cv-601-FtM-29CM

IMPRO SYNERGIES, LLC,

       Defendant.

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Renewed[2] Joint Motion for Approval of Settlement and Dismiss Case with Prejudice and Supporting Memorandum of Law (Doc. 40) filed on August 25, 2015. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*,

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

[2] The Court denied without prejudice the parties' Joint Motion for Approval of Settlement and Dismiss Case with Prejudice (Doc. 38) because the parties failed to specify whether the attorney's fees and costs were negotiate separately pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222. 1228 (M.D. Fla. 2009). The parties proposed settlement agreement also requested that the Court retain jurisdiction to enforce the settlement. Doc. 38-1 at 6.

679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs brought this action against Defendant seeking damages for unpaid overtime compensation. Doc. 1 at ¶1. Plaintiff Orlando Cruz worked for Defendant as a Maintenance Technician and originally calculated the amount owed to him as $24,990.00 – 42,840.00. Doc. 37-1 at 1-2. Plaintiff Alberto Cruz also worked for Defendant as a Maintenance Technician and originally calculated the amount owed

to him as $17,892.00 – 30,672.00. Doc. 37-2 at 1-2. In the proposed Settlement Agreement, Defendants agreed to pay a total of $13,000.00 to resolve this matter. Doc. 40-1 at 2. Plaintiff Orlando will receive $3,723.00 for unpaid overtime and liquidated damages. *Id.* at 2-3. Plaintiff Alberto Cruz will receive $3,708.00 for unpaid overtime and liquidated damages.

Plaintiffs agreed to accept less than the original amount claimed in order to avoid the cost and time of litigating the issues, as well as the risks associated with the continued litigation. Doc. 40 at 2. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiffs' attorneys' fees in the amount of $4,154.00 and costs in the amount of $1,415.00. Doc. 40 at 5. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

to him as $17,892.00 – 30,672.00. Doc. 37-2 at 1-2. In the proposed Settlement Agreement, Defendants agreed to pay a total of $13,000.00 to resolve this matter. Doc. 40-1 at 2. Plaintiff Orlando will receive $3,723.00 for unpaid overtime and liquidated damages. *Id.* at 2-3. Plaintiff Alberto Cruz will receive $3,708.00 for unpaid overtime and liquidated damages.

Plaintiffs agreed to accept less than the original amount claimed in order to avoid the cost and time of litigating the issues, as well as the risks associated with the continued litigation. Doc. 40 at 2. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiffs' attorneys' fees in the amount of $4,154.00 and costs in the amount of $1,415.00. Doc. 40 at 5. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 40 at 5. Thus, having reviewed the settlement documentation (Doc. 40-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Additionally, the Court notes that parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement. Doc. 40-1 at 6. This Court previously has not been inclined to retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortgage*, 2009 WL 2370640 (M.D. Fla. 2009). Here, the parties have not provided any basis for the Court to retain jurisdiction to enforce the settlement.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The parties' Renewed Joint Motion for Approval of Settlement and Dismiss Case with Prejudice and Supporting Memorandum of Law (Doc. 40) be **GRANTED**, and the Settlement Agreement (Doc 40-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court decline to retain jurisdiction to enforce the settlement.

- 5 -

      3.      The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

      **DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of September, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record